STATE OF LOUISIANA IN
THE INTEREST OF R.H.

* NO. 2025-CA-0663

*

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2025-105-14-TR, SECTION "E"
HONORABLE Desiree Cook-Calvin, JUDGE
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *
(Court composed of Chief Judge Roland L. Belsome, Judge Dale N. Atkins, Judge
Dennis Bagneris, *pro tempore*)

Michael Idoyaga
Attorney at Law
700 Camp Street
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLANT

Jules A. Fontana, III
Department of Children and Family Services
Bureau of General Counsel
1450 Poydras Street, Suite 1600
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**March 9, 2026**

Appellant, RH,[1] appeals the trial court judgment that revoked his parental rights.  The sole issue is whether it was proper for the trial to proceed in his absence.  For reasons that follow, we hold that it was proper and we affirm the trial court judgment.

RLB
DNA
DRB

***Facts***

RH has three minor children, all of whom have the same initials as his.  RH pled guilty to three counts of cruelty to a juvenile under La. R.S. 14:93. The mother of the three children was also incarcerated on the same charges for beating one of the children with a baseball bat.  The children were placed in the care of Department of Children and Family Services twice in two and a half years for the same reason.  This was the second time.

At all times relevant to the appeal, RH was represented by competent and diligent counsel.

On April 15, 2025, the State filed a petition to terminate the parents' rights based on La. Ch.C. arts. 1015 (3), (4), (5), and (6).  RH participated in the answer hearing through televised electronic means. During that hearing, the court set a trial date of June 17, 2025. RH was also served with the notice of the petition to

---

[1] Because this opinion affects the rights of minors and the parental rights of their father, we substitute the initials of the parent and his children to protect their privacy.

terminate his parental rights and trial date of June 17, 2025. RH did not appear for that trial, so the court proceeded to trial against the mother only. Her parental rights were terminated. RH's trial was re-set for July 7, 2025. Again, RH did not appear. The court proceeded to trial as permitted by La. Ch.C. art. 1033, which provides that:

> If it appears from the record that the parent has been served in accordance with Article 1021 or 1022 or has been located and notified in accordance with Article 1020 and the parent fails to appear at the hearing, then the hearing shall be held in the parent's absence and the petitioner shall be required to establish prima facie proof of the allegations contained in the petition.

At the conclusion of trial, judgement was rendered terminating RH's parental rights. RH contests the judgment alleging that he did not appear because he was not served with the petition.

Service was attempted unsuccessfully on RH prior to trial. RH's counsel was aware of the trial date and attempted to notify RH by telephone. When RH's counsel called him, RH hung up the phone without speaking. The record is clear that RH was served in April for the trial date scheduled in June. It is equally clear that his counsel was aware and prepared for the second trial date. We find no error with the trial court's decision to move forward to trial.

### Conclusion and decree

The trial court provided RH with adequate notice of both trials and gave him the opportunity to be heard in his case. For reasons not shown on the record, RH failed to participate in any effort to prevent the termination of his parental rights. RH does not contest the factual or legal findings of the trial court. Therefore, we affirm the judgment of the trial court.

**AFFIRMED**

2